**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DOMINIC THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 10-3495-CV-S-DGK-H |
| | ) | |
| JUAN CASTILLO,[1] Warden, | ) | |
| United States Medical Center, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation and has failed to exhaust administrative remedies, it must be recommended that he be denied leave to proceed in forma pauperis.

After a Show Cause Order was entered, the United States filed its response. Thereafter, counsel for petitioner filed a motion to withdraw. Petitioner was afforded the opportunity to file a *pro se* traverse, which he has done.

Petitioner alleges that staff at the Medical Center have violated his constitutional rights by harassing him and discriminating against him in retaliation for filing administrative grievances; engaging in mail fraud by not mailing his legal documents and taking items out of his incoming

---

[1]The name of the current warden at the Medical Center, Juan Castillo, has been substituted for that of the former warden, Marty C. Anderson.

mail; denying him medical care and treatment by denying him a walking assistance device and not properly treating his kidney condition; and delaying the administrative remedy process at the BOP Central Office, which prevented him from pursuing his claims in court.

Respondent submits that staff at the Medical Center have not violated any of petitioner's constitutional rights; that he has failed to state valid claims for relief; and that he has failed to completely exhaust administrative remedies for all of his allegations, with the exception of his claim that he is being denied appropriate medical care or treatment.

Turning to petitioner's complaints regarding medical care, petitioner contends that he has been denied an assistive device because of severe pain in his left back flank area. He also asserts that he has been denied treatment for a kidney condition. Having fully reviewed the record, the Court finds that there is no evidence to indicate that respondent has been deliberately indifferent to petitioner's serious medical needs.

In regard to his leg problem, the record indicates that petitioner was referred to the Physical Therapy Department at the Medical Center shortly after his arrival for evaluation of his complaints. The physical therapist noted that he ambulated independently, and did not appear to be in any acute distress. He did not note any significantly abnormal findings, with the exception of a leg length discrepancy. The physical therapy recommended a short course of therapy to learn a home exercise program, and referred petitioner to the Prosthetic/Orthotics Department regarding the leg length discrepancy. Petitioner was evaluated for use of a cane or walker in the Physical Therapy Department, and it was determined that a quad cane best improved his gate, and was a device which he could use safely and without difficulty. Petitioner returned the quad cane five days later, stating that it was too hard to use and he thought it was more of a hazard than a help. The Physical Therapist recommended that he follow up with the prosthetics department, and he was discharged

from the Physical Therapy Unit. The Prosthetist/Orthotist recommended a 5/8" shoe lift, but petitioner refused it. Nine days later, petitioner was seen again with complaints of pain in his left side, and his reports that he had fallen a few times because of muscle spasms. It was noted that he had refused to cooperate with the treatment that had been offered him, including the quad cane and the shoe lift. Three months later, petitioner was again evaluated regarding his complaints that he was not physically able to walk from his housing unit to the clinic, that he still had pain in his left leg and back, and his request to see a physical therapist again. His examination revealed no abnormalities of his left knee or back. His referral to the Physical Therapy Department was cancelled because of his prior refusal to use the quad cane, as well as the evaluation showing no acute abnormalities. The record also indicates that a neuropsychologist examined petitioner and concluded that he exaggerates his physical symptoms and sees himself as being functionally incapacitated. It is also indicated that petitioner is observed ambulating normally when he is distracted, and it was the opinion of medical staff that he did not need further therapy or a wheeled walker.

In terms of his kidney condition, petitioner was evaluated by his primary care physician upon arrival at the Medical Center for complaints of hypertension and left kidney pain. In addition to being seen in the Chronic Care Clinic and Hypertension Clinic, petitioner was seen by a consulting nephrologist. The specialist prescribed various medications to control his condition. An ultrasound of petitioner's kidneys revealed a small two-centimeter cyst on the left kidney, without other significant abnormalities. Petitioner returned to see the consulting nephrologist the next month, who noted that his condition had improved, and the doctor discussed decreasing his medication as a result. Three months later, the consultant nephrologist advised him that his kidney disease had improved, although his hypertension was not optimally controlled; his medications were adjusted

again. When petitioner next saw the consultant for a follow-up appointment, he complained of pain in his left back flank area. A renal colic CT scan was ordered to rule out kidney stones or other causes for the pain. The CT scan revealed no acute abnormalities.

It is clear from the record that petitioner has been evaluated by medical staff, who have recommended a quad cane and/or a shoe lift to try to help his back pain, and that he has been non-compliant with treatment. He has also been found by a specialist to exaggerate his symptoms. A CT scan was administered to rule out kidney stones or other abnormalities that might cause the back pain. Additionally, petitioner has received a wide range of treatment for his kidney condition, including on-going treatment by a consulting nephrologist, who prescribes and monitors his medication.

After having fully reviewed the record in this case, the Court finds that petitioner has failed to establish a constitutional violation due to a denial of serious medical care. Estelle v. Gamble, 429 U.S. 97, 106, reh'g denied, 429 U.S. 1966 (1976); Farmer v. Brennan, 511 U.S. 825 (1994). The record indicates that petitioner's medical complaints have been fully addressed. While petitioner may disagree with the treatment he has received, a mere disagreement concerning the course of medical treatment does not establish a claim under the Eighth Amendment. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).

Petitioner also asserts that he is being denied access to the U.S. Mail and access to the administrative remedy process. Based on the myriad complaints and legal pleadings he has filed, the Court finds that it cannot be said that he has been denied access to the U.S. Mail, or that he has been denied legal access to the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996). Further, although petitioner has not fully exhausted administrative remedies on some of the issues he raises, the record indicates that his concerns have been properly responded to at the appropriate level of review. The

fact that he has not fully exhausted administrative remedies does not suggest that he has been denied access to the process. In fact, a review of the file indicates that he has been granted partial relief regarding some of the requests he has made. It should be noted that the record indicates that petitioner has filed 72 administrative remedies or appeals since he has been at the Medical Center, and that since his incarceration in the federal system, he has filed 105 administrative remedies or appeals.

Regarding petitioner's allegation that staff at the Medical Center is retaliating against him in response to his multiple administrative grievances, the record indicates that he has failed to fully exhaust administrative remedies on the three requests for relief he has made on this issue alone. Additionally, the Court finds that there is no evidence to support this claim that he has received a retaliatory work assignment or otherwise been retaliated against for filing prison grievances. Respondent indicates that petitioner has been medically cleared to work, and that he has been assigned to work after having been medically cleared to do so.

Based on the foregoing, it must be recommended that petitioner's request for habeas corpus relief be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[2]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the

---

[2] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.

petition herein for a writ of habeas corpus be dismissed without prejudice.


                                                         /s/ James C. England  
                                                        JAMES C. ENGLAND  
                                                        United States Magistrate


Date: 8/8/11